UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00213-GNS

ISRAEL TOLEDO IZAZAGA,                                        PLAINTIFF

v.

JUDGE JASON S. FLEMING,                                        DEFENDANT

### MEMORANDUM OPINION

 This matter is before the Court on Defendant's Motion to Dismiss. (DN 6). This motion is ripe for a decision, and for the reasons stated below, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

 Plaintiff Israel Toledo Izazaga ("Izazaga") is a party to a dependency/neglect/abuse case pending before Defendant Judge Jason S. Fleming ("Judge Fleming") in Christian County Family Court. (Compl., DN 1). Plaintiff's daughter, MGT, is in foster care. (Compl., DN 1). Following allegations of abuse of MGT by Plaintiff, Judge Fleming revoked Izazaga's visitation and imposed a judgment of a $5,000.00 fine if Plaintiff violated that order. (Compl., DN 1). Plaintiff missed an earlier court date and alleges that absence, along with a discussion between Judge Fleming and a sheriff, is why visits were suspended. (Compl., DN 1).

 Izazaga filed this lawsuit alleging that Judge Fleming denied him visitation for over a year even after he paid his child support arrearages. (Compl., DN 1). Plaintiff asserts that Judge Fleming is abusing Izazaga's civil rights and the rights of MGT by not returning her to his custody. (Compl., DN 1). Plaintiff seeks an order granting him custody of MGT and a $1,000,000.00 judgment against Judge Fleming. (Compl., DN 1).

 Judge Fleming has moved to dismiss all claims asserted against him arguing that judicial immunity, sovereign immunity, the *Rooker-Feldman* doctrine, the domestic relations exception,

and the *Younger* doctrine all bar the Court from hearing this matter. (DN 6). Izazaga did not file a timely response to the motion. The motion is thus ripe for ruling.

## II. JURISDICTION

The Court construes Plaintiff's claim as arising pursuant to 42 U.S.C. § 1983, a federal law. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

Motions pursuant to Fed. R. Civ. P. 12(b)(6) require the Court "to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

## IV. DISCUSSION

### A.    Failure to Respond to Defendant's Motion

The Sixth Circuit has held that, "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn*, 878 F.2d 382, at *2 (6th Cir. 1989) (table) (affirming a grant of an unopposed motion to dismiss). For that reason alone, the Court could grant Defendant's motion, but chooses to address the motion on the merits in order to complete the record.

### B.    Doctrine of Absolute Judicial Immunity

It is a well-established principle that judges are immune from liability "for damages for acts committed within their jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). It cannot, therefore, be overcome "by allegations of bad faith or

malice," *id.*, nor was it abolished by 42 U.S.C. § 1983. *Pierson*, 386 U.S. at 554. This immunity

extends to a judge when she is sued in her individual capacity as well as her official capacity.

*Pierson*, 386 U.S. at 554. Izazaga alleges in his complaint that Defendant is a judge (DN 1), and

a search of the Kentucky Court of Justice website reveals that Jason Shea Fleming is a Christian

County Family Court Judge. Plaintiff has not alleged that Judge Fleming lacked jurisdiction over

Izazaga's state court case. Because he was acting within his jurisdiction as a Christian County

Family Court Judge during each alleged violation of Izazaga's rights, Judge Fleming is immune

from suit. *See Tocco v. Mattingly*, No. 5:09-CV-189, 2010 WL 231685, at *2 (W.D. Ky. Jan. 14,

2010) (barring claims against a family court judge due to absolute judicial immunity).

### C.   Doctrine of Sovereign Immunity

Sovereign immunity would also bar any federal civil rights claim against Judge Fleming

in his official capacity.  As this Court has previously stated:

> States possess sovereign immunity from suit in a federal court without their consent. The Eleventh Amendment to the United States Constitution provides that the states are immune from suit by private parties under federal law, *Hans v. Louisiana,* 134 U.S. 1 (1890), and 42 U.S.C. § 1983 does not abridge the Eleventh Amendment immunity of the states from suit. *Quern v. Jordan,* 440 U.S. 332 (1979). Indeed, immunity ultimately "derives not from the Eleventh Amendment but from the structure of the original Constitution itself." *Alden v. Maine,* 527 U.S. 706, 728 (1999).
>
> Furthermore, state agencies and their officials functioning in an official capacity are not considered "persons" under § 1983, since a suit for damages against them in that capacity would be the same as a suit against the state itself.

*Lee v. George*, No. 3:10-CV-637-H, 2010 WL 4877831, at *1 (W.D. Ky. Nov. 24, 2010) (citing

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Accordingly, an official capacity

claim against Judge Fleming would be barred by sovereign immunity because it would be a

claim against the Commonwealth of Kentucky itself.

3

**D.** ***Rooker-Feldman* Doctrine**

Federal courts lack subject matter jurisdiction over claims seeking review of cases litigated and decided in a state court; only the United States Supreme Court has jurisdiction to consider state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Claims inextricably intertwined with a state court decision are also barred under the *Rooker-Feldman* doctrine. *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458 (6th Cir. 2003). This Court could not grant Izazaga's requested relief, as doing so would necessarily involve review and reversal of at least one court decision: an order from the Christian Family Court denying Izazaga visitation of his daughter. Accordingly, the Court does not have subject matter jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine.

**E.** **Domestic Relations Exception**

The domestic relations exception divests federal courts of jurisdiction over divorce, alimony decrees, and child custody orders. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981). Izazaga asserts a claim pursuant to 42 U.S.C. § 1983. The substance of this case, however, is in the realm of domestic relations, more specifically a custody and visitation order. Accordingly, the Court lacks jurisdiction over this claim.

**F.** ***Younger* Doctrine**

The doctrine of abstention pursuant to *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008). *See Younger v.*

*Harris*, 401 U.S. 37 (1971). Plaintiff is requesting injunctive or declaratory relief; he seeks the return of his daughter. (DN 1). The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643.

Application of these factors requires that the Court abstain pursuant to *Younger*. As to the first factor, Izazaga's case before Judge Fleming is on-going: Izazaga remains under court order to make child support payments and continues to seek custody of his daughter. *See* (DN 1). As to the second, the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Zak v. Pilla*, 698 F.2d 800, 801 (6th Cir. 1982). Finally, Izazaga has an adequate opportunity in the state proceeding to raise any constitutional challenges, as nothing bars him from doing so before Judge Fleming. Izazaga may appeal a family court order or judgment— including any issued by Judge Fleming—to the Kentucky Court of Appeals as a matter of right. KRS 22A.020. All three factors weigh against the Court exercising jurisdiction in this matter; accordingly, the Court abstains to do so pursuant to the *Younger* doctrine.

## V. CONCLUSION

For the forgoing reasons, the Court lacks subject matter jurisdiction. Accordingly, the Court will enter an order consistent with this Memorandum Opinion granting the Motion to Dismiss (DN 6) and dismissing all claims.

Greg N. Stivers, Judge
United States District Court

March 18, 2015

cc:     counsel of record
        Plaintiff, *pro se*

5